STEVEN P. BERTOLINO, P.C.
130 West Main Street
East Islip, New York 11730
(631) 277-5292
spblaw130@aol.com
Attorney for Plaintiff
Frank Johnston

Please Reply To:
Steven P. Bertolino, P.C.
130 West Main Street
East Islip, New York 11730
Attorney for Plaintiff
Frank Johnston

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANK JOHNSTON,

                              Plaintiff,

         -against-                                              COMPLAINT

FIDELITY NATIONAL PROPERTY and
CASUALTY INS. CO.

                              Defendant.
-----------------------------------------------------X

    1.     Plaintiff, FRANK JOHNSTON (hereinafter referred to as "Plaintiff"), by his

attorneys at Steven P. Bertolino, P.C., alleges, upon personal knowledge as to himself and upon

information and belief as to other matters, as follows:

PRELIMINARY STATEMENT

    2.     Plaintiff, now is, and at all times relevant to this action was, a resident of the

County of Suffolk, State of New York.

    3.     Defendant, FIDELITY NATIONAL PROPERTY and CASUALTY INSURANCE

CO.,  now is, and at all times relevant to this action was, a corporation organized and existing

under the laws of the State of Florida and is authorized to, and does, engage in the business of

writing casualty and flood insurance in the County of Suffolk, State of New York.

4.      On July 02, 2012, defendant issued and delivered to plaintiff a certain policy of insurance, Policy No. 31 2510150535 - 08, for the policy period of 07/23/12 to 07/23/13, (the "Policy") insuring the dwelling and contents located at 150 Denhoff Walk, Ocean Beach (Corneille Estates), County of Suffolk, State of New York, (the "Property") against losses resulting from, among other things, a flood.  A copy of the Policy and its preceding "Declarations Page" are attached hereto as Exhibit "A" and incorporated by reference herein.

5.      In consideration of plaintiff's payment to defendant of a premium in the amount of $2,391.00 the Policy was issued by defendant and delivered to plaintiff and said Policy insured the Property in the aggregate amount of $350,000.00 and the Policy was in full force and effect on or about October 29, 2012 when the meteorological event known as "Superstorm Sandy" occurred.

6.      Plaintiff owned (and continues to own) the Property which sustained extensive damage from flooding caused by Superstorm Sandy and plaintiff made a claim against the Policy to defendant and defendant has failed to pay plaintiff the full amount of plaintiff's claim in breach of the terms of the Policy and in breach of the contract between the plaintiff and defendant.

JURISDICTION AND VENUE

7.      This Court has exclusive subject matter jurisdiction over plaintiff's Federal law claims pursuant to 42 U.S.C. §4001, §4053.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and pursuant to 42 U.S.C. §4053 which sets forth that with respect to a claim

against an insurer issuing a flood insurance policy pursuant to the National Flood Insurance Act

of 1968, as amended, venue is proper in the District where the Property is situated and the

Property is situated within the territorial area of the Eastern District of New York.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§2201 and 2202.

## THE PARTIES

10.      Plaintiff, Frank Johnston, is an individual residing at 150 Denhoff Walk, Corneille

Estates, Ocean Beach, New York 11770.

11.      Defendant, Fidelity National Property and Casualty Insurance Co., is an insurance

company with a principal place of business located at P.O. Box 33003, St. Petersburg, Florida

33733-8003.

## STATEMENT OF FACTS

12.      On October 29, 2012, while the Policy was in full force and effect, plaintiff's

dwelling located on the Property was damaged by flooding caused by Superstorm Sandy.

13.      On or about November 06, 2012, in accordance with the requirements of the

Policy, plaintiff notified defendant of the damage to the Property occasioned and caused by

Superstorm Sandy.

14.      In response to plainitff's notice of loss, defendant engaged Colonial Claims

Corporation to act as its agent and assess the damage and loss to the Property.

15.      On or about November 18, 2012 a representative of defendant's agent Colonial

Claims Corporation, Anthony Maccaroni, met with plaintiff at the Property to assess the damage

from Superstorm Sandy.

16.    In furtherance of Mr. Maccaroni's inspection of the Property and assessment of the losses sustained by plaintiff, an initial Proof of Loss claim form was prepared by Mr. Maccaroni and forwarded to defendant.  Said initial Proof of Loss was not seen nor signed by the insured, the plaintiff herein, prior to its submission to the defendant.

17.    In response to the initial Proof of Loss submitted by defendant's agent, defendant issued plaintiff two checks totaling $3,424.71, in consideration of plaintiff's release of defendant from further liability under the Policy, but plaintiff refused to accept said checks.

18.    In the months following Superstorm Sandy plaintiff, who had limited access to the Property which is located on Fire Island, obtained estimates to repair the damage caused by the flood and in and about March and April of 2013 plaintiff engaged Raymond Lopez, P.E. to inspect the Property and issue a report on his findings.  A copy of Mr. Lopez's report is annexed hereto as Exhibit "B" and is incorporated by reference.

19.    During the spring and summer of 2013 plaintiff was able to more readily assess the damage sustained to the Property as a result of the flooding caused by Superstorm Sandy and on or about September 04, 2013 plaintiff executed and submitted to defendant a formal Proof of Loss claim form indicating that the damage sustained to the Property was $187,530.65 in accordance with the policy terms.  A copy of plaintiff's Proof of Loss claim form and the repair estimates that were annexed thereto are attached hereto as Exibit "C" and are incorporated by reference.

20.    Plaintiff's executed Proof of Loss included attachments that indicated damage to the interior and exterior of the dwelling as well as to the foundation piles.

21.    Plaintiff's Proof of Loss claim form was submitted to defendant within one year of the date of loss, notwithstanding that the time to file a proof of loss due to damages from

Superstorm Sandy was subsequently extended to two years from the date of loss.

22.     Upon submission of the executed Proof of Loss claim form to defendant plaintiff had performed all of plaintiff's obligations under the Policy, which is a contract of insurance, and in so doing, was entitled to payment of his claim against defendant in the amount of $187,530.65.

23.     By letter dated October 03, 2013, defendant partially denied its liability to plaintiff under the Policy.   A copy of defendant's letter denying liability is attached as Exhibit "D" and is incorporated by reference.

24.     On or about January 13, 2014 a supplemental claim letter was sent to Mr. Maccaroni which included a contractor's updated repair proposal that detailed the repairs and included a few items that were originally overlooked along with photos of some of the damage that was not visible before removing wood trim and coverings.  The increased cost to repair the damage caused by Superstorm Sandy on said proposal was $10,852.00 resulting in a total loss of $198,382.65.

25.     After several months of not getting a response from defendant on the supplemental claim counsel for plaintiff sent a letter on July 30, 2014 seeking a formal acknowledgement of the supplemental claim and a response thereto.  By letter dated August 05, 2014 defendant finally responded with another Partial Denial of Claim which again denied coverage that should have been afforded under the Policy.  A copy of defendant's letter denying liability on the supplemental claim is attached as Exhibit "E" and is incorporated by reference.

26.     Among other obligations assumed by defendant under the Policy, defendant insured the dwelling or any part of it, including its foundation, and the contents against loss resulting from a flood.

27. The Policy defines flood to include the "collapse or subsidence of land…as a result of erosion or undermining caused by waves or currents of water…". Section II. A. of the Policy.

28. The Policy specifically sets forth that defendant should pay for "losses from mudflow and land subsidence as a result of erosion that are specifically covered under (the) definition of flood…." and such losses are not included under the "Exclusions" provision of the Policy. Section V. C. of the Policy.

29. The Policy is a standard form flood insurance policy and the terms thereof have been codified under 44 C.F.R. Part 61, App. A(1).

FIRST CAUSE OF ACTION
Breach of Contract on the First Proof of Loss Claim

30. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

31. A contract of insurance existed between plaintiff and defendant as set forth in the Policy.

32. Plaintiff complied with all conditions precedent and obligations imposed upon him under the Policy including but not limited to: paying the policy premiums, providing notice of loss, separating his property to the best of his ability, providing documentation of his losses, cooperating with the defendant and its agents, providing a signed Proof of Loss claim form and providing additional information as requested by defendant and its agents.

33. Defendant owed a duty to plaintiff to perform its obligations under the terms of the Policy and contract between defendant and plaintiff.

34. Plaintiff demanded payment from defendant for losses he sustained due to

flooding caused by Superstorm Sandy and defendant has refused to pay plaintiff.

35.     Defendant has failed to perform its obligation under the Policy and breached the contract with plaintiff by denying liability under the Policy for plaintiff's damages caused by a flood resulting from Superstorm Sandy and by further refusing to pay the sum of $187,530.65 in damages due plaintiff as a required benefit under the Policy.

36.     As a direct and proximate result of defendant's conduct and breach of its obligations plaintiff has suffered damages under the Policy.

37.     By reason of above, defendant is liable to plaintiff for $187,530.65with interest on that amount at the rate of 9% per annum until paid.

## SECOND CAUSE OF ACTION
Breach of Contract on the Supplemental Claim

38.     Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

39.     Plaintiff demanded payment from defendant for supplemental damage and losses he sustained due to flooding caused by Superstorm Sandy and defendant has refused to pay plaintiff.

40.     Defendant has failed to perform its obligation under the Policy and breached the contract with plaintiff by denying liability under the Policy for plaintiff's damages caused by a flood resulting from Superstorm Sandy and by further refusing to pay the sum of $10,852.00 or the total sum of $198,382.65 in damages due plaintiff as a required benefit under the Policy.

41.     As a direct and proximate result of defendant's conduct and breach of its obligations plaintiff has suffered damages under the Policy.

42.     By reason of above, defendant is liable to plaintiff for at least $10,852.00 on its supplemental claim and for the total sum of $198,382.65 with interest on that amount at the rate of 9% per annum until paid.

THIRD CAUSE OF ACTION
Request for Declaratory Judgment

43.     Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

44.     The Policy at issue herein is a Standard Flood Insurance Policy (SFIP) and is a codified federal regulation found in its entirety at 44 C.F.R. Part 61, App. A(1).

45.     Plaintiff has submitted to defendant all estimates available to him to repair the damage the Property sustained as a result of the flood caused by Superstorm Sandy and defendant has not disputed the value or cost to repair the losses sustained but instead has set forth in each of its denial of claim letters that coverage is not afforded under the terms of the Policy.

46.     By reason of the above this Court is in a position to review the terms of the SFIP and make a determination as to the coverage afforded plaintiff under the Policy.

47.     Based upon a favorable declaration of the coverage afforded this Court should award plaintiff a sum of no less than $198,382.65 with interest on that amount at the rate of 9% per annum until paid.

PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant in favor of plaintiff against defendant:

a.     Judgment on the first cause of action in the amount of $187,530.65, with interest on that amount at the rate of 9% per annum from September 04, 2013 until paid;

b.      Judgment on the second cause of action against defendant in the amount of

$198,382.65 with interest on that amount at the rate of 9% per annum from January 13, 2014

until paid;

c.      A declaration that the Policy language does indeed cover the losses claimed by

Plaintiff and following such a declaration, a Judgment in the amount of $198,382.65 with interest

on that amount at the rate of 9% per annum from January 13, 2014.

d.      An award of the costs of this action together with reasonable attorneys' fees; and

e.      An award of such other and further relief as this Court deems necessary and

proper.

Dated: September 29, 2014

STEVEN P. BERTOLINO, P.C.

By: Steven P. Bertolino, Esq.
Attorney for Plaintiff
Frank Johnston
130 West Main Street
East Islip, New York 11730
(631) 277-5292